**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Pedro FLORES–GOMEZ, also known as Arturo Martinez–Perez, Defendant–Appellant.**

**No. 07–2200.**

United States Court of Appeals, Tenth Circuit.

Aug. 12, 2008.

Terri J. Abernathy, Office of the United States Attorney, Las Cruces, NM, Kim-

berly Ann Eaton Brawley, Office of the United States Attorney, Albuquerque, NM, for Plaintiff–Appellee.

Arturo B. Nieto, Albuquerque, NM, for Defendant–Appellant.

Before O'BRIEN, McKAY, and GORSUCH, Circuit Judges.*

## ORDER GRANTING MOTION TO WITHDRAW AND DISMISSING APPEAL

TERRENCE L. O'BRIEN, Circuit Judge.

Jose Pedro Flores–Gomez pled guilty to unlawful reentry of a deported alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to forty-six months imprisonment. Flores–Gomez's counsel filed an *Anders* brief and moved for leave to withdraw. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We received no response from Flores–Gomez and the government declined to submit a brief. Finding no meritorious issues, we grant counsel's motion to withdraw and dismiss the appeal.

Following Flores–Gomez's guilty plea, a presentence investigation report ("PSR") was prepared using the 2006 edition of the United States Sentencing Guidelines manual. The government filed a motion requesting Flores–Gomez receive an additional one-level decrease in his offense level for acceptance of responsibility. *See* USSG § 3E1.1(b). Based on a total offense level of 21 and a criminal history

category of IV, Flores–Gomez's recommended guideline range was fifty-seven to seventy-one months imprisonment. The United States Probation Office, however, believed Flores–Gomez's criminal history was over represented and he most closely resembled defendants in criminal history category III. *See* USSG § 4A1.3(b)(1).

Flores–Gomez filed a motion seeking a sentencing variance.[1] He argued the 18 U.S.C. § 3553(a) sentencing factors warranted a sentence below the guideline range and requested a sentence of twelve months and one day. The government agreed with the probation office that Flores–Gomez's criminal history score should be category III rather than category IV. It requested he be sentenced within the guideline range under category III.

The court agreed with the probation office and the government. With a criminal history category III, Flores–Gomez's guideline range was forty-six to fifty-seven months imprisonment. *See* USSG § 5A. The court declined to vary from this range and sentenced him to forty-six months imprisonment. Flores–Gomez appealed.

*Anders* holds "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744, 87 S.Ct. 1396. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points that he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine

---

* The case is unanimously ordered submitted on the briefs without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

1. A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of

Chapters Four or Five of the Sentencing Guidelines." *United States v. Atencio*, 476 F.3d 1099, 1101 n. 1 (10th Cir.2007). A variance occurs "[w]hen a court enhances or detracts from the recommended range through application of § 3553(a) factors." *Id.*

the frivolity of the appeal. "If it so finds it may grant counsel's request to withdraw and dismiss the appeal.... [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

Flores–Gomez's counsel indicates he could find no non-frivolous appellate issues, but stated it was Flores–Gomez's position that the court erred in failing to dramatically vary from the guidelines and impose a sentence of twelve months and one day. We have carefully reviewed the record and find no non-frivolous issues. The guideline range was properly calculated and the district court properly applied the § 3553(a) factors. *See United States v. Geiner,* 498 F.3d 1104, 1107 (10th Cir. 2007) (holding sentence reflecting a proper guideline calculation and application of § 3553(a) factors is procedurally reasonable). The district court considered Flores–Gomez's motion to vary, but denied the motion. The court did, however, decide a downward departure of one criminal history category was appropriate given his criminal history. It sentenced Flores–Gomez at the bottom of the post-departure guideline range. No evidence counters the reasonableness of his sentence. *See United States v. Sanchez–Juarez,* 446 F.3d 1109, 1114 (10th Cir.2006) ("[E]very sentence that a district court ultimately imposes must reflect its determination of what is reasonable in light of the same § 3553(a) factors, whether that sentence is within or outside the Guidelines range."), *cert. denied,* —— U.S. ——, 128 S.Ct. 880, 169 L.Ed.2d 739 (2008).

Counsel's motion to withdraw is **GRANTED** and Flores–Gomez's appeal is **DISMISSED.**